UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____

| | |
|---|---|
| ROBBIE A. STEINER, <br><br> Plaintiff, <br> -against- <br><br> CARICORPS, INC. and ROKO LABS LLC, <br><br> Defendant. | Civil Action No. 17-6683 <br><br> **COMPLAINT** <br><br> **Jury Trial Demanded** <br><br> ECF Case |

Plaintiff, Robbie A. Steiner, for his complaint against defendants Caricorps, Inc. and Roko Labs LLC, by and through his attorneys, Knox Law Group, PC, states and alleges as follows:

## PRELIMINARY STATEMENT

1. This complaint is based upon the willful copyright infringement by the defendants, Caricorps, Inc and Roko Labs LLC, founded upon the unlicensed use of certain software created by plaintiff, Robbie A. Steiner (the "Plaintiff").

2. Caricorps operates a web application known as "Cariclub", which purports to connect young professionals with volunteer opportunities at non-profit organizations requiring minimal time investment on the part of the young professionals of upwards of six hours per year. Caricorps charges subscription fees to large organizations, such as Citigroup, KKR and Davis Polk, in order to give their respective employees access to the Cariclub web application.

3. Plaintiff built the Cariclub application, which utilizes previously existing software created and owned by Plaintiff known as "CharityRoot".

4. For several months, Caricorps paid a monthly licensing fee to Plaintiff until Plaintiff insisted upon executing a long-term written licensing agreement for the continued use of the

CharityRoot application. Caricorps, however, refused to negotiate a long-term agreement, prompting Plaintiff to send notice that Caricorps' continued use of the CharityRoot application was unauthorized.

5. After sending multiple notices to Caricorps of its unauthorized use of the CharityRoot application, Plaintiff revoked Caricorps' access, causing the dependent web applications to go offline.

6. Caricorps, with the aid of defendant Roko Labs, circumvented the measures utilized by Plaintiff to prevent unauthorized access and use of the CharityRoot application.

7. Caricorps continues its unauthorized use and distribution of the CharityRoot application without authorization to this day, notwithstanding receipt of numerous cease and desist notices.

8. Accordingly, Plaintiff files this action seeking injunctive relief, damages, attorney's fees and costs.

## PARTIES

9. Plaintiff is an individual residing in the State of New York and is a software engineer by trade.

10. Upon information and belief, Defendant Caricorps is a Delaware corporation with its principal office located at 599 Broadway, 8th Floor, New York, New York 10012.

11. Upon information and belief, Defendant Roko Labs is a Florida limited liability company with offices located at 1140 Broadway, Suite 501, New York, New York 10001.

## JURISDICTION AND VENUE

12. This is a civil action seeking damages and injunctive relief for copyright infringement under the Copyright Act, 17 U.S.C. § 101 *et seq.*

13. This Court has original subject matter jurisdiction over all claims pursuant to

28 U.S.C. §§ 1331 and 1338(a).

14. Venue is proper in the Southern District of New York under 28 U.S.C. § 1391(b), as a substantial part of the events that gave rise to this Complaint, including the negotiations between the parties and the development and marketing of the infringing property, occurred in New York. In the alternative, venue is proper under 28 U.S.C. § 1391(c), as Caricorps and Roko Labs are subjected to the personal jurisdiction of the Southern District of New York.

## FACTUAL ALLEGATIONS RELATED TO ALL CLAIMS

15. For almost a decade, Plaintiff has been developing software to assist the sustainability of non-profit organizations.

16. In June 2014, Plaintiff developed the CharityRoot application, a fully-functional software platform which provided for, *inter alia*, user authentication, non-profit organization management, content management, media management, and web page templating.

17. Plaintiff owns the CharityRoot application and has registered a copyright with the United States Copyright Office.

18. In or about June 2016, Caricorps engaged Plaintiff to lead its technology development efforts in building the web application which would ultimately be dubbed Cariclub.

19. Plaintiff developed the Cariclub application, which utilizes all of the functionality of the CharityRoot application.

20. For several months, Caricorps paid Plaintiff a licensing fee for the right to use the CharityRoot application and its maintenance by Plaintiff.

21. On or about July 14, 2017, Plaintiff informed Defendant that a long-term license agreement would be necessary for the continued use of the CharityRoot software and proposed a new licensing fee of $20,000.00 per month.

22. Having received no substantive response indicating Caricorps' willingness to negotiate a long-term license agreement, Plaintiff, on or about July 20, 2017, submitted an invoice to Caricorps for its continued use of and access to the CharityRoot application during the period from July 15, 2017 to July 31, 2017 and reiterated his intention to only license the CharityRoot application pursuant to a long-term agreement to commence on August 1, 2017.

23. On or about July 21, 2017, Caricorps remitted payment in the amount of $3,333.00, representing one-third of the invoiced amount for the period from July 15, 2017 to July 31, 2017, and informed Plaintiff that Caricorps was ending its licensing arrangement with Plaintiff.

24. Based on Caricorps' notice of termination of the licensing arrangement, Carcicorps' ability to access and use the CharityRoot application was revoked on July 24, 2017, causing the web portals employing the CharityRoot application, cariclub.com and admin.car.io to go offline.

25. The CharityRoot application contains encrypted code which contacts Plaintiff's servers to verify an active license status each time a user loads a dependent webpage (the "License Check").

26. Notwithstanding Caricorps' failure to renew its license, one day later on or about July 25, 2017, Caricorps' web portals employing the CharityRoot application came back online.

27. Upon information and belief, at the request of Caricorps, defendant Roko Labs manipulated the source code of the CharityRoot application to remove or circumvent the License Check.

28. Upon information and belief, Caricorps provided Roko Labs with an unauthorized copy of the CharityRoot application.

4

29. Upon information and belief, numerous users have and continue to view and use the web portals employing the CharityRoot software, cariclub.com and admin.car.io, since the expiration of the license.

30. Upon information and belief, Caricorps has and continues to receive revenue in direct relation to its infringing use of the CharityRoot application.

## CLAIMS FOR RELIEF

## COUNT I - AGAINST DEFENDANT CARICORPS, INC.

### (Copyright Infringement – Reproduction)

31. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1 through 31 as if set forth herein.

32. Defendant Caricorps, without authority, made, caused to be made, and purported to authorize the making of unauthorized copies of Plaintiff's registered copyrighted work in violation of 17 U.S.C. §§ 106(1) and 501.

33. Defendant Caricorps' acts of infringement were made after a good faith attempt to negotiate licensing by Plaintiff, and as such its acts of infringement have been willful, intentional, and purposeful, in disregard of and indifferent to the rights of Plaintiff.

34. As a direct and proximate result of Defendant Caricorps' infringement of Plaintiff's copyrights and exclusive rights under copyright, Plaintiff is entitled to the maximum statutory damages pursuant to 17 U.S.C. § 504(c).  Alternatively, at Plaintiff's election, pursuant to 17 U.S.C. § 504(b), Plaintiff shall be entitled to his actual damages plus Defendant Caricorps' profits from infringement, as will be proven at trial.

35. Plaintiff is entitled to his costs, including reasonable attorneys' fees, pursuant to 17 U.S.C. § 505.

36. Defendant Caricorps' conduct is causing and, unless enjoined by this Court, will continue to cause Plaintiff great and irreparable injury that cannot fully be compensated or measured in money. Plaintiff has no adequate remedy at law. Pursuant to 17 U.S.C. § 502, Plaintiff is entitled to a permanent injunction requiring defendant Caricorps to employ reasonable methodologies to prevent or limit infringement of Plaintiff's copyrights.

## COUNT II - AGAINST DEFENDANT CARICORPS, INC.

### (Copyright Infringement – Public Display)

37. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1 through 37 as if set forth herein.

38. Defendant Caricorps, without the permission or consent of Plaintiff, and without authority, is publicly displaying Plaintiff's copyrighted work without authorization and in violation of 17 U.S.C. §§ 106(5) and 501.

39. Each infringement by Defendant Caricorps of Plaintiff's protected copyrighted work creates an independent act of infringement.

40. Defendant Caricorps' acts of infringement were made after a good faith attempt to negotiate licensing by Plaintiff, and as such its acts of infringement have been willful, intentional, and purposeful, in disregard of and indifferent to the rights of Plaintiff.

41. As a direct and proximate result of Defendant Caricorps' infringement of Plaintiff's copyrights and exclusive rights under copyright, Plaintiff is entitled to the maximum statutory damages pursuant to 17 U.S.C. § 504(c). Alternatively, at Plaintiff's election, pursuant to 17 U.S.C. § 504(b), Plaintiff shall be entitled to his actual damages plus Defendant Caricorps' profits from infringement, as will be proven at trial.

42. Plaintiff is entitled to his costs, including reasonable attorneys' fees, pursuant to 17 U.S.C. § 505.

43. Defendant Caricorps' conduct is causing and, unless enjoined by this Court, will continue to cause Plaintiff great and irreparable injury that cannot fully be compensated or measured in money. Plaintiff has no adequate remedy at law. Pursuant to 17 U.S.C. § 502, Plaintiff is entitled to a permanent injunction requiring Defendant Caricorps to employ reasonable methodologies to prevent or limit infringement of Plaintiff's copyrights.

## COUNT III – AGAINST DEFENDANT CARICORPS, INC.

### (Copyright Infringement – Distribution)

44. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1 through 44 as if set forth herein.

45. Defendant Caricorps, without the permission or consent of Plaintiff, and without authority, is distributing Plaintiff's copyrighted work without authorization and in violation of 17 U.S.C. §§ 106(3) and 501.

46. Defendant Caricorps is leasing Plaintiff's copyrighted work to large organizations, including, but not limited to, Citigroup, Davis Polk and KKR for the use of their respective employees.

47. Each infringement by Defendant Caricorps of Plaintiff's protected copyrighted work creates an independent act of infringement.

48. Defendant Caricorps' acts of infringement were made after a good faith attempt to negotiate licensing by Plaintiff, and as such its acts of infringement have been willful, intentional, and purposeful, in disregard of and indifferent to the rights of Plaintiff.

49. As a direct and proximate result of Defendant Caricorps' infringement of Plaintiff's copyrights and exclusive rights under copyright, Plaintiff is entitled to the maximum statutory damages pursuant to 17 U.S.C. § 504(c).  Alternatively, at Plaintiff's election, pursuant to 17 U.S.C. § 504(b), Plaintiff shall be entitled to his actual damages plus Defendant Caricorps' profits from infringement, as will be proven at trial.

50. Plaintiff is entitled to his costs, including reasonable attorneys' fees, pursuant to 17 U.S.C. § 505.

51. Defendant Caricorps' conduct is causing and, unless enjoined by this Court, will continue to cause Plaintiff great and irreparable injury that cannot fully be compensated or measured in money.  Plaintiff has no adequate remedy at law.  Pursuant to 17 U.S.C. § 502, Plaintiff is entitled to a permanent injunction requiring Defendant Caricorps to employ reasonable methodologies to prevent or limit infringement of Plaintiff's copyrights.

## COUNT IV - AGAINST DEFENDANT ROKO LABS LLC

**(Copyright Infringement – Circumvention of Technological Measures)**

52. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1 through 52 as if set forth herein.

53. Defendant Roko Labs, without the permission or consent of Plaintiff, and without authority, modified the CharityRoot code, circumventing or removing the License Check, in violation of 17 U.S.C. §§ 1201.

## COUNT V – AGAINST DEFENDANT ROKO LABS LLC

**(Contributory Copyright Infringement)**

54. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1 through 54 as if set forth herein.

55. Caricorps has infringed and is infringing Plaintiff's right in his registered copyrighted work by, *inter alia*, reproducing, displaying to the public and distributing the CharityRoot software, all without authorization.

56. Defendant Roko Labs is liable as contributory copyright infringers for the infringing acts of Caricorps. Defendants enable, facilitate, and materially contribute to each act of infringement by Caricorps.

57. Defendant Roko Labs had actual and constructive knowledge that Caricorps is infringing upon Plaintiff's copyrights. That the License Check was an obstacle to Caricorps is quintessential evidence that Caricorps did not have authority to use the CharityRoot software.

58. Acting with this actual and constructive knowledge, Defendant Roko Labs enabled, facilitated and materially contributed to Caricorps' copyright infringement, which could not occur without Defendant Roko Labs' enablement.

59. Defendant Roko Labs' acts of infringement have been willful, intentional, and purposeful, in disregard of and indifferent to the rights of Plaintiff.

60. As a direct and proximate result of Defendant Roko Labs' infringement of Plaitniff's copyrights and exclusive rights under copyright, Plaintiff is entitled to the maximum statutory damages pursuant to 17 U.S.C. § 504(c). Alternatively, at Plaintiff's election, pursuant to 17 U.S.C. § 504(b), Plaintiff shall be entitled to his actual damages plus Defendant Roko Labs' profits from infringement, as will be proven at trial.

61. Plaintiff is entitled to his costs, including reasonable attorneys' fees, pursuant to 17 U.S.C. § 505.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff respectfully requests judgment against Defendants as follows:

(a) For a declaration that Defendant Caricorps' operation of the Cariclub websites willfully infringes Plainitiff's copyrights.

(b) For a permanent injunction requiring that Defendants and their agents, servants, employees, officers, attorneys, successors, licensees, partners, and assigns, and all persons acting in concert or participation with each or any of them, cease directly or indirectly infringing, or causing, enabling, facilitating, encouraging, promoting and inducing or participating in the infringement of any of Plaintiff's copyrights or exclusive rights protected by the Copyright Act, whether now in existence or hereafter created.

(c) For statutory damages pursuant to 17 U.S.C. § 504(c). Alternatively, at Plaintiff's election, pursuant to 17 U.S.C. § 504(b), for actual damages plus Defendants' profits from infringement, as will be proven at trial.

(d) For Plaintiff's costs, including reasonable attorneys' fees, pursuant to 17 U.S.C. § 505.

(e) For pre- and post-judgment interest according to law.

(f) For such other and further relief as the Court may deem just and proper.

## JURY TRIAL DEMAND

The Plaintiff demands a trial by jury on all issues.

Dated: New York, New York
August 1, 2017

                                                                     KNOX LAW GROUP, P.C.
                                                                     *Attorneys for Plaintiff*

By   *Daniel Knox*
      Daniel Knox
      One Penn Plaza, Suite 2430
      New York, NY 10119
      dknox@knoxlaw.nyc